UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LIVE FACE ON WEB, LLC, a Pennsylvania          Case No. 0:15-cv-60972
Company,

      Plaintiff,

v.

FLORIDA STATE REALTY GROUP, INC.,
a Florida corporation,

      Defendant.

_____

## MOTION TO COMPEL PLAINTIFF'S RESPONSES TO

## REQUESTS FOR PRODUCTION

**SCHNEIDER ROTHMAN INTELLECTUAL
PROPERTY LAW GROUP, PLLC**
4651 North Federal Highway
Boca Raton, FL  33431
561.404.4350 – Telephone
561.404.4353 – Facsimile
*Attorneys for Plaintiff*
*Florida State Realty Group, Inc.*

TABLE OF CONTENTS

I.  INTRODUCTION .................................................................................................. 1

II.  LOCAL RULE 7.1 CERTIFICATION .............................................................. 2

III.  LFOW'S RESPONSES AND OBJECTIONS....................................................... 2

    A.  LFOW's Improper Confidentiality, Proprietary and Trade Secret Objections................... 2

        1.  Request No. 7 seeking licensing payments. ......................................... 3

            a)  LFOW lacks any basis for imposing an AEO protective order on FSRG. .............. 3

            b)  LFOW's objection is an improper attempt to restrict the use of discovery from one case in another in violation of the Federal Rules. ........................................... 4

            c)  LFOW's objection is an improper attempt to seek a protective order without a sufficient basis. ........................................................................ 5

            d)  LFOW should produce documents showing licensing payments not just summary documents showing annual licensing revenue. ................................ 7

        2.  Request No. 8 seeking licensing payments. ......................................... 9

            a)  LFOW lacks any basis for imposing an AEO protective order on FSRG. .............. 9

            b)  LFOW's objection is an improper attempt to restrict the use of discovery from one case in another in violation of the Federal Rules. ........................................... 9

            c)  LFOW's objection is an improper attempt to seek a protective order without a sufficient basis. ........................................................................ 9

            d)  LFOW should produce documents showing licensing payments not just summary documents showing annual licensing revenue. ................................ 9

        3.  Request No. 9 seeking licensing agreements......................................... 10

            a)  LFOW lacks any basis for imposing an AEO protective order on FSRG. ............ 10

            b)  LFOW's objection is an improper attempt to restrict the use of discovery from one case in another in violation of the Federal Rules. ......................................... 10

            c)  LFOW's objection is an improper attempt to seek a protective order without a sufficient basis. ...................................................................... 10

            d)  LFOW's licensing agreements are relevant to its damages claims and LFOW should produce all licensing agreements for all LFOW software not just agreements concerning the version at issue in this case. ................................ 10

        4.  Request No. 10 seeking settlement agreements....................................... 11

            a)  LFOW lacks any basis for imposing an AEO protective order on FSRG. ............ 12

            b)  LFOW's objection is an improper attempt to restrict the use of discovery from one case in another in violation of the Federal Rules. ......................................... 12

            c)  LFOW's objection is an improper attempt to seek a protective order without a sufficient basis. ...................................................................... 12

            d)  LFOW should produce documents showing licensing payments not just summary documents showing annual licensing revenue. ................................ 12

e)     LFOW's settlement agreements are relevant to its damages claims and LFOW should produce all settlement agreements. ......................................................... 12

f)     Application of the "one-satisfaction rule" to LFOW's claims requires production of LFOW's settlement agreements.................................................................. 12

5.     Request No. 11 seeking disclosures in other cases filed by LFOW. .......................... 14

a)     LFOW's objection is an improper attempt to restrict the use of discovery from one case in another in violation of the Federal Rules. .............................................. 14

6.     Request No. 12 seeking transcripts of depositions in other cases filed by LFOW..... 14

a)     LFOW's objection is an improper attempt to restrict the use of discovery from one case in another in violation of the Federal Rules. .............................................. 14

b)     LFOW's objection is an improper attempt to seek a protective order without a sufficient basis. ............................................................................................... 14

c)     LFOW's depositions in other actions are relevant to its damages claims and LFOW should produce all transcripts. ............................................................................ 15

d)     Application of the "one-satisfaction rule" to LFOW's claims requires production of deposition testimony in other cases. ................................................................. 15

7.     Request No. 13 seeking discovery produced in other cases filed by LFOW. ............ 15

a)     LFOW's objection is an improper attempt to restrict the use of discovery from one case in another in violation of the Federal Rules. .............................................. 15

b)     LFOW's objection is an improper attempt to seek a protective order without a sufficient basis. ............................................................................................... 15

c)     LFOW's discovery produced in other actions are relevant to its damages claims. 15

d)     Application of the "one-satisfaction rule" to LFOW's claims requires production of discovery in other cases. .................................................................................. 16

8.     Request No. 14 seeking expert reports produced in other cases filed by LFOW....... 16

a)     LFOW's objection is an improper attempt to restrict the use of discovery from one case in another in violation of the Federal Rules. .............................................. 16

b)     LFOW's objection is an improper attempt to seek a protective order without a sufficient basis. ............................................................................................... 16

c)     LFOW's expert reports produced in other actions are relevant to its damages claims. ........................................................................................................... 17

d)     Application of the "one-satisfaction rule" to LFOW's claims requires production of damages expert reports in other cases............................................................... 17

e)     Expert reports on the validity of LFOW's copyright in other cases is relevant to its validity contentions in this case. ...................................................................... 17

9.     Request No. 15 seeking the terms of settlements in other cases filed by LFOW....... 19

a)     LFOW's objection is an improper attempt to restrict the use of discovery from one case in another in violation of the Federal Rules. .............................................. 19

iii

b)     LFOW's objection is an improper attempt to seek a protective order without a sufficient basis. .................................................................................................. 19

c)     LFOW's settlements in other actions are relevant to its damages claims.............. 19

d)     Application of the "one-satisfaction rule" to LFOW's claims requires production of settlements in other cases................................................................................................ 19

10.     Request No. 23 seeking the source code for other versions of LFOW's Software. ... 19

a)     LFOW's customer information is relevant to its damages claims. ......................... 20

b)     LFOW's licensing agreements with its customers are relevant to its damages claims and LFOW should produce its customers' contact information so that FSRG can obtain the terms of these licenses from LFOW's customers. ........................................... 20

IV.  CONCLUSION.................................................................................................... 20

Defendant, FLORIDA STATE REALTY GROUP, INC. ("FSRG"), by and through undersigned counsel, hereby files its Motion to Compel responses to the Requests for Production served by FSRG on Defendant LIVE FACE ON WEB, LLC ("LFOW"), and in support states as follows:

## I.    INTRODUCTION

This is a copyright infringement case.  LFOW claims it is the copyright owner of certain website computer code that it asserts was copied by FSRG and used on FSRG's website without authorization.  LFOW scans the internet to identify websites that use LFOW's asserted copyrighted computer code.  When LFOW finds a match, it sues the defendant in federal court for copyright infringement.

FSRG is a real estate brokerage.  FSRG is one of thirty two cases for copyright infringement filed by LFOW around the country.[1]  FSRG, like all the other defendants that LFOW has sued, obtained the LFOW Software from a third-party without knowledge that the third-party was unauthorized to distribute LFOW's Software.  Like most (if not all) of the other defendants LFOW has sued, FSRG obtained the LFOW Software from Tweople, Inc., which did business as Yakking Heads.[2]

FSRG propounded discovery seeking documents relevant and necessary to its defense.  In an effort to determine LFOW's actual damages, FSRG requested LFOW produce documentation sufficient to show the licensing fees it has charged customers for its software in the past, in arms' length transactions as well as in settlement of infringement cases.  FSRG requested production of

---

[1] A schedule of other pending infringement cases filed by LFOW is attached hereto as Exhibit 5.
[2] LFOW filed suit against Tweople and several other parties for infringement in the Middle District of Florida on January 10, 2104, Case No., 6:14-cv-00044 (the "*Tweople* case"), and the case was assigned to Chief Judge Anne C. Conway, and Magistrate Judge Thomas B. Smith.  The Tweople case was heavily litigated, and the docket, which is annexed hereto as Exhibit 6, contains 315 entries.   On January 22, 2015, Tweople filed for Chapter 7 bankruptcy protection in the Middle District of Florida Bankruptcy Court, Case No. 6:15-bk-00525-CCJ.

relevant documents from other LFOW cases as well.  In response, LFOW objected based upon

relevancy and confidentiality, and insisted on a restrictive protective order that will prevent

FSRG from participating in the defense of this case.

## II.      LOCAL RULE 7.1 CERTIFICATION

On August 7, 2015, FSRG served LFOW with discovery requests, including requests for

production and interrogatories.  FSRG's Requests for Production are attached as Exhibit 1.

LFOW responded on September 11, 2015 with objections to many responses. LFOW's responses

and objections are attached as Exhibit 2.  On September 24, 2015, counsel for FSRG and LFOW

met and conferred by telephone for two hours in in a good faith effort to resolve LFOW's

objections.  Unfortunately, the parties failed to reach a resolution of the issues raised in this

motion, and counsel for LFOW advised during the call that LFOW would maintain the

objections asserted in response to FSRG's requests that are set forth below.  As a result, this

motion was necessary.

## III.     LFOW'S RESPONSES AND OBJECTIONS

### A.      LFOW's Improper Confidentiality, Proprietary and Trade Secret Objections

LFOW is seeking actual damages for copyright infringement in this case.[3]  The

licensing fees that LFOW has charged its licensees in the past are relevant to show the harm

actually suffered by LFOW are a result of the infringement.  *See On Davis v. The Gap. Inc.,*

246 F.3d 152, 166-68 (2nd Cir. 2001)(holding that a reasonable license fee -- which is by its

nature the fair market value of a license authorizing defendants' use of the copyrighted work --

may be awarded as actual damages under the Copyright Act.)

---

[3] While LFOW may be entitled to an award of statutory damages pursuant to 17 U.S.C. § 504(c), it does not appear
that LFOW intends to seek statutory damages in this case.  The reason is simple economics: only one work is
alleged to have been infringed in this case and § 504(c) limits statutory damages for non-willful infringement to a
maximum of $30,000 per work infringed.  Furthermore, in any case where the infringer sustains the burden of
proving that it was not aware and had no reason to believe that his or her acts constituted an infringement, the court
may reduce the award of statutory damages to a sum of not less than $200. 17 U.S.C. § 504(c)(2). There simply is
not enough money in a statutory damages claim to satisfy LFOW in this case.

### 1.      Request No. 7 seeking licensing payments.

In order to discover evidence of licensing fees previously charged by LFOW to its customers, FSRG has requested that LFOW produce documents and information showing its past revenue from licensing and its licensing agreements.  For example, Request No. 7 asks for "*Documents and ESI sufficient to show all payments to you for licensing the LFOW Software from the inception of your business to date.*" LFOW responded as follows:

> Response: LFOW objects to this request as seeking confidential, proprietary and trade secret documents as it pertains to LFOW's financial information. LFOW has proposed a protective order and will not produce documents until a protective order is in place. LFOW further objects to the request for "ESI" related to LFOW's financial information as overly broad and irrelevant where LFOW has documents previously prepared that provide its financial information in sufficient detail. LFOW objects to this request as overly broad, unduly burdensome and irrelevant because it seeks a level of detail for LFOW's financial information not related to the action. Subject to these objections, and once a suitable protective order is entered, LFOW will produce non-privileged documents evidencing LFOW's annual revenue.

(Response to Request No. 7).

### a)      LFOW lacks any basis for imposing an AEO protective order on FSRG.

LFOW previously proposed a protective order in this case to FSRG, a copy of which is annexed as Exhibit 3.  FSRG objected to the "two tiered" nature of LFOW's protective order.  FSRG is a real estate brokerage, it is not in competition with LFOW, and therefore a two tiered protective order containing an "attorneys' eyes only designation" is unnecessary.  Furthermore, the "attorneys' eyes only" (AEO) disclosure terms advocated by LFOW would, by their very nature, prevent counsel for FSRG from disclosing LFOW's revenue, licensing terms and licensing agreements to counsel's client and, therefore, would prevent FSRG from participating in the damages phase of this case.

In response to LFOW's protective order proposal, FSRG proposed a single tier protective

3

order without AEO provisions.  Such a protective order would allow LFOW to maintain the confidentiality of its documents and information while still permitting FSRG to participate in the defense of this case.  LFOW refused FSRG's proposal.

At the meet and confer held with LFOW's counsel on September 24, 2015, LFOW's attorneys again advised that LFOW would not produce any licenses or similar documentation without an AEO protective order.  The reason given by LFOW's counsel this time was that all of LFOW's license agreements require strict confidentiality, and all contain specific terms that prohibit their disclosure under any circumstances except pursuant to an "attorneys' eyes only" confidentiality and protective order.  According to LFOW's counsel, this applies not only to license agreements entered into in settlement of litigation, but also agreements that are the result of arms' length transactions between LFOW and its licensees.

Counsel for FSRG asked why LFOW insisted on such restrictive treatment of its license agreements.  Counsel responded by advising the undersigned that LFOW's insistence on AEO treatment stems from LFOW's prior experience in a case where a defendant disregarded a confidentiality order and filed confidential material in the public record.  LFOW's attorneys are apparently referring to the case of *Live Face on Web, LLC v. Tweople, Inc. et al*, Middle District of Florida, Case No., 6:14-cv-00044 (the "*Tweople* case").  In that case, at Dkt. 254, the defendant Tweople, Inc. filed a document on Sept. 16, 2014, and in response LFOW promptly moved to strike in an unopposed motion two days later at Dkt. 256 that referenced confidential material improperly included in the filing.  The Court promptly struck Dkt. 254 from the record in an Order entered on September 19, 2014 at Dkt. 257.

**b)      LFOW's objection is an improper attempt to restrict the use of discovery from one case in another in violation of the Federal Rules.**

FSRG questions whether LFOW's insistence on an unusually strict approach to

4

confidentiality is actually motivated by LFOW's goal of preventing the defendants in the many suits it has filed from collaborating in their defense of these cases.  Of course, if this is LFOW's goal it is not a proper one since the use of "the fruits of discovery from one lawsuit in another litigation, and even in collaboration among various…attorneys, comes squarely within the purposes of the Federal Rules of Civil Procedure." *Nestle Foods Corp. v. Aetna Cas. and Sur. Co.*, 129 F.R.D. 483, 486 (D.N.J. 1990). *See also Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1131 (9th Cir. 2003) ("Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery.")

Ironically, LFOW has previously successfully advanced the same argument that FSRG makes here in the *Tweople* case. There, LFOW moved to compel Tweople to produce its customer list to LFOW.  Tweople argued that it was entitled to a protective order that would prevent LFOW from using Tweople's customer list to sue Tweople's customers.  The Court granted LFOW's Motion to Compel and ordered Tweople to produce its list.  *Live Face on Web, LLC v. Tweople, Inc. et al*, Middle District of Florida, Case No., 6:14-cv-00044, Dkt. 267 at 5 (Oct. 16, 2014).  In the process, the Court in the *Tweople* case determined that Tweople's attempt to protect its list from being used in other cases was an improper motivation and insufficient to support a protective order.

### c)      LFOW's objection is an improper attempt to seek a protective order without a sufficient basis.

LFOW wants to prevent FSRG from assisting its counsel in the defense of this case by withholding facts from FSRG and limited access to those facts to counsel alone.  LFOW's objection on the basis of confidentiality is an improper attempt to obtain a protective order.  Rule 26(c) of the Federal Rules authorizes the court to issue a protective order, such as the

confidentiality agreement and protective order requested by LFOW "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Fed. R. Civ. P. R. 26(c).  The term "good cause" "generally signifies a sound basis or legitimate need to take judicial action." *Kleiner v. First National Bank of Atlanta*, 751 F.2d 1193, 1205 (11th Cir.1985).  A protective order should be entered only when the movant makes a particularized showing of "good cause" and specific demonstration of fact by affidavit or testimony of a witness with personal knowledge, of the specific harm that would result from disclosure or loss of confidentiality; generalities, conclusory statements and unsupported contentions do not suffice. *Gulf Oil Company v. Bernard*, 452 U.S. 89, 102 n. 16 (1981); *Grams v. American Medical Instruments Holdings Long Term Disabilty Plan*, 2009 U.S. Dist. LEXIS 89455, 2009 WL 2926844 *5 (M.D. Fla. Sept. 14, 2009) (holding this burden contemplates a particular and specific demonstration of facts as distinguished from stereotyped and conclusory statements).  LFOW has made no particularized showing of "good cause" as to what confidential information might be disclosed in the absence of a two tiered protective order.

"A party seeking to shield its trade secrets or other commercial information must establish that the information to be protected is a trade secret, that it is confidential, and that its disclosure might be harmful. The burden then shifts to the party seeking disclosure to establish that the trade secret or confidential information sought is relevant and necessary to the action. Once these requirements are met, the court must balance the need for protection of trade secrets against the claim of injury resulting from disclosure." *Estridge v. Target Corp.*, 2012 U.S. Dist. LEXIS 21593 (S.D. Fla. Feb. 16, 2012)(citations and internal quotations omitted). LFOW has failed to explain why its licensing agreements could be considered confidential.

LFOW has not and cannot demonstrate that good cause exists to protect information

6

about its licensing agreements from FSRG.  To be clear, FSRG will agree to a single tier

confidentiality agreement and protective order for the information and documents that LFOW

seeks to protect.  However, FSRG cannot agree to a confidentiality agreement or protective order

that allows LFOW to withhold information and documents from FSRG and thereby prevent it

from participating in the defense of this infringement case.  There is no basis for such a

protective order, and LFOW cannot offer one.[4]

### d)   LFOW should produce documents showing licensing payments not just summary documents showing annual licensing revenue.

LFOW's response concludes with the statement "Subject to these objections, and once a

suitable protective order is entered, LFOW will produce non-privileged documents evidencing

LFOW's annual revenue."  LFOW's objection is improper and waives its objections.  An

objection to a specific request followed by a response to the request that states that the response

is provided "subject to and without waiving" the objections is improper and, in fact, waives

objections.  *Thermoset Corp. v. Bldg. Materials Corp of America*, 2014 U.S. Dist. Lexis 161343

(No. 14-60268-CIV-Cohn/Seltzer, Nov. 18, 2014); *Chemoil Corp. v. MSA V*, 2013 U.S. Dist.

Lexis 33888 (No. 2:12-cv-472-FTM, Mar. 12, 2013).

Furthermore, license payments to LFOW by licensees are discoverable and relevant to

the defense of this case.  "With respect to the issue of relevancy of discovery, discovery rules are

to be accorded a broad and liberal treatment." *Kreuzfeld A.G. v. Carnehammar*, 138 F.R.D. 594,

607 (S.D. Fla. 1991). Ordinarily, discovery based on relevance should be allowed "unless it is

clear that the information sought has no possible bearing on the claims and defenses of the

---

[4] Stephen McWilliam is the principal of FSRG.  At no time has LFOW ever questioned the integrity of Mr. McWilliam.  Mr. McWilliam is a well respected , licensed real estate broker in the South Florida community and LFOW has no reason to question Mr. McWilliam's responsibility to abide by a protective order in this case.   LFOW lacks good cause to prevent Mr. McWilliam from participating in the defense of this case by imposing a two tiered protective order without any basis. *See Rosenbaum v. Becker & Poliakoff, P.A.*, Case No. 08-CV-81004-MARRA/JOHNSON, 2010 U.S. Dist. Lexis 21656, 2010 WL 623699 (Feb. 23, 2010)(refusing to restrict party's access to confidential information and documents where no basis to question the integrity of the party was shown).

parties or otherwise on the subject matter of the action." *Tate v. United States Postal Serv*., No. 04-61509, 2007 U.S. Dist. LEXIS 10086, 2007 W.L. 521848, at *1 (S.D. Fla. Feb. 14, 2007), *citing Dunkin Donuts, Inc. v. Mary's Donuts, Inc*., No. 01-0392, 2001 U.S. Dist. LEXIS 25204, 2001 WL 34079319 (S.D. Fla. No. 1, 2001).  *See also, Rosenbaum v. Becker & Poliakoff, P.A.*, 708 F. Supp. 2d 1304, 1306 (S.D. Fla. 2010).

LFOW's offer to produce only summary financial information seeks to frustrate the purpose of discovery which is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *See U.S. v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)(The intent of the Federal Rules was to "make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent.")  LFOW's objection seeks to narrow the scope of discovery.  However, the scope of discovery is broad "in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement." *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998). LFOW's objection seeks to limit discovery, whereas the rules "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).  "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947).

FSRG is entitled to know the specific payments made by specific licensees to LFOW to determine whether those license payments support LFOW's claims of actual damages in this case.  For example, without knowing the specific terms of LFOW's licensing agreements, counsel for FSRG will be unable to test whether those terms would have been acceptable to

FSRG or any other putative licensee in an arms' length transaction with LFOW.  If this cannot be determined, then the issue of the reasonableness of LFOW's actual damages claim cannot be determined either. Production of summary financial information is simply insufficient for this purpose because it lacks the detail necessary to test LFOW's damages claims.  Therefore, LFOW should be compelled to respond and produce the documents requested.

### 2. Request No. 8 seeking licensing payments.

Request No. 8 asks for "*Documents and ESI sufficient to show the amount of each payment to you for licensing the LFOW Software from the inception of your business to date.*" LFOW responded as follows:

> Response: LFOW objects to this request as seeking confidential, proprietary and trade secret documents as it pertains to LFOW's financial information. LFOW has proposed a protective order and will not produce documents until a protective order is in place. LFOW further objects to the request for "ESI" related to LFOW's financial information as overly broad and irrelevant where LFOW has documents previously prepared that provide its financial information in sufficient detail. LFOW objects to this request as overly broad, unduly burdensome and irrelevant because it seeks a level of detail for LFOW's financial information not related to the action. Subject to these objections, and once a suitable protective order is entered, LFOW will produce non-privileged documents evidencing LFOW's annual revenue.

(Response to Request No. 8).

### a) LFOW lacks any basis for imposing an AEO protective order on FSRG.

FSRG incorporates, by reference its arguments concerning Request 7 above.

### b) LFOW's objection is an improper attempt to restrict the use of discovery from one case in another in violation of the Federal Rules.

FSRG incorporates, by reference its arguments concerning Request 7 above.

### c) LFOW's objection is an improper attempt to seek a protective order without a sufficient basis.

FSRG incorporates, by reference its arguments concerning Request 7 above.

### d) LFOW should produce documents showing licensing payments not just summary documents showing annual licensing revenue.

FSRG incorporates, by reference its arguments concerning Request 7 above.

### 3.      Request No. 9 seeking licensing agreements.

Request No. 9 asks for "*All LFOW Agreements entered into between LFOW and licensees*

*from the inception of your business to date.*" LFOW responded as follows:

> Response: LFOW objects to this request as seeking confidential,
> proprietary and trade secret documents as it pertains to LFOW's financial
> information. LFOW has proposed a protective order and will not produce
> documents until a protective order is in place. LFOW objects to this
> request as overly broad, unduly burdensome and irrelevant because all
> licenses are based on the standard form license, which will be produced.
> LFOW further objects to this request as overly broad, unduly burdensome
> and irrelevant to the extent it seeks licenses unrelated to the asserted
> LFOW Software.

(Response to Request No. 9).

### a)      LFOW lacks any basis for imposing an AEO protective order on FSRG.

FSRG incorporates, by reference its arguments concerning Request 7 above.

### b)      LFOW's objection is an improper attempt to restrict the use of discovery from one case in another in violation of the Federal Rules.

FSRG incorporates, by reference its arguments concerning Request 7 above.

### c)      LFOW's objection is an improper attempt to seek a protective order without a sufficient basis.

FSRG incorporates, by reference its arguments concerning Request 7 above.

### d)      LFOW's licensing agreements are relevant to its damages claims and LFOW should produce all licensing agreements for all LFOW software not just agreements concerning the version at issue in this case.

FSRG incorporates, by reference its arguments concerning Request 7 above.  LFOW

should be compelled to fully respond and produce documents for the same reasons.

LFOW's response improperly seeks to limit its production to its "standard form license."

LFOW's response also limits its response by objecting "to the extent it seeks licenses unrelated

to the asserted LFOW Software.  LFOW's response should not be so limited.  FSRG is entitled

to individual license agreements in order to determine whether, and to what extent, the terms of

those agreements are the same or different from the terms under which LFOW seeks an award of actual damages.  If LFOW believes that certain license agreements are for "unrelated" software, but FSRG can show that the software under license is substantially similar or the same as LFOW's software that it allegedly infringed, then FSRG should be entitled to the benefit of those license terms in assessing LFOW's infringement liability.

As noted above, one way to measure actual damages for infringement is by the owner's loss of the fair market value of the license fees he might have exacted of the defendant had the infringement not occurred. *On Davis,* 246 F.3d at 166.  Another damages measure is the profits the plaintiff would have earned from third parties, were it not for the infringement. See 4 Nimmer § 14.  02 A, at 14-9 to 10. Another measure of recovery is the extent to which the market value of the copyrighted work at the time of the infringement has been injured or destroyed by the infringement. *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1118 (2d Cir. 1986).

All measurements of damages require disclosure by LFOW of its licensing agreements and their terms.  LFOW's licensing agreements for all software that is the same as or a reasonable substitute for the software that LFOW claims FSRG infringed are relevant to the determination of damages.  LFOW seeks to frustrate this determination by refusing to produce the necessary detail to allow an accurate damages assessment to be made.

#### 4.        Request No. 10 seeking settlement agreements.

Request No. 10 asks for "*Documents and ESI showing the terms of the resolution of claims of infringement of the LFOW Software asserted by LFOW against third parties to date by letter or email where such claims were resolved without the filing of a lawsuit.*" LFOW responded as follows:

11

> Response: LFOW objects to this request as seeking confidential, proprietary and trade secret documents as it pertains to LFOW's financial information. LFOW settlement agreements also include confidentiality provisions that may preclude the production of responsive documents. LFOW has proposed a protective order and will not produce documents until a protective order is in place. LFOW further objects to this request as irrelevant, as the resolution of other disputes are unrelated to LFOW's claims against Defendant in this action.

(Response to Request No. 10).

### a)      LFOW lacks any basis for imposing an AEO protective order on FSRG.

FSRG incorporates, by reference its arguments concerning Request 7 above.

### b)      LFOW's objection is an improper attempt to restrict the use of discovery from one case in another in violation of the Federal Rules.

FSRG incorporates, by reference its arguments concerning Request 7 above.

### c)      LFOW's objection is an improper attempt to seek a protective order without a sufficient basis.

FSRG incorporates, by reference its arguments concerning Request 7 above.

### d)      LFOW should produce documents showing licensing payments not just summary documents showing annual licensing revenue.

FSRG incorporates, by reference its arguments concerning Request 7 above.

### e)      LFOW's settlement agreements are relevant to its damages claims and LFOW should produce all settlement agreements.

FSRG incorporates, by reference its arguments concerning Requests 7 and 9 above.

### f)      Application of the "one-satisfaction rule" to LFOW's claims requires production of LFOW's settlement agreements.

FSRG intends to rely upon the "one-satisfaction rule" to reduce or limit its liability to LFOW in this case.  "The rule generally provides that a plaintiff is entitled to only one satisfaction for a single injury, such that amounts received in settlement from an alleged tortfeasor are credited against judgments for the same injury against non-settling tortfeasors." *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F3d 1271, 1276 (11th Cir. 2008).  "The one-satisfaction rule…operates to prevent double recovery, or the overcompensation of a plaintiff for

a single injury." *Id*. The "one-satisfaction rule" has been applied to infringement actions under the Copyright Act. *Id. See also ScreenGems-Columbia Music, Inc. v. Metlis & Lebow Corp.*, 453 F.2d 552, 553-54 (2d Cir. 1972).

The "one-satisfaction rule" is applicable because FSRG and the other defendants that LFOW has sued obtained the LFOW Software from Tweople, Inc., which also did business as "Yakking Heads."  According to the Complaint LFOW filed against Tweople in the Middle District of Florida, Case No., 6:14-cv-00044 (the "*Tweople* case"), Tweople blatantly copied LFOW's source code and began offering live spokesperson services to Tweople's customers using LFOW's source code. (CITE).  LFOW claims that Tweople had no authority to copy, display or distribute LFOW's computer source code.  All the defendants in all the thirty two pending LFOW cases obtained the LFOW Software from Tweople without knowledge Tweople was unauthorized to distribute LFOW's Software.

Because FSRG and all the other defendants obtained the LFOW software from Tweople, all defendants' infringement liability is joint and several with Tweople.  The Copyright Act allows only a single recovery for a single infringement, and where multiple defendants are all involved with the same infringement, their liability is joint and several and recovering from one reduces the liability of the others. *See ScreenGems,* 453 F.2d at 554; *BUC Int'l*, 517 F3d at 1278.

A review of closed LFOW cases on Pacer reveals that in all likelihood LFOW has already recovered numerous times for the infringement committed by Tweople.  See Exhibit 4 listing closed LFOW cases.  FSRG is entitled pursuant to the one-satisfaction rule to reduce the amount of its liability by the amount paid in settlement to LFOW in all the cases where the defendants' infringement was joint and several with Tweople's infringement.  Arriving at a determination of the amount by which each defendant would be entitled to reduce their liability

is only feasible if LFOW is compelled to produce all settlement agreements with the defendants
it has settled with.

### 5.      Request No. 11 seeking disclosures in other cases filed by LFOW.

Request No. 11 asks for "*All initial disclosures and discovery responses not available on
PACER that were served by any party in the other lawsuits filed by LFOW for copyright infringement
to date*" and sets forth a list of other lawsuits.  LFOW responded as follows:

> Response: LFOW objects to this request as overly broad, unduly
> burdensome, and irrelevant. LFOW has served its Rule 26 disclosures in this
> action in compliance with the rules, and disclosures in actions against
> unrelated parties have no bearing on this action.

(Response to Request No. 11).

### a)      LFOW's objection is an improper attempt to restrict the use of discovery from one case in another in violation of the Federal Rules.

FSRG incorporates, by reference its arguments concerning Request 7 above.

### 6.      Request No. 12 seeking transcripts of depositions in other cases filed by LFOW.

Request No. 12 asks for "*All transcripts of depositions taken in the other lawsuits filed by
LFOW for copyright infringement to date*" and sets forth a list of other lawsuits.  LFOW responded
as follows:

> Response: LFOW objects to this request as overly broad, unduly
> burdensome, and irrelevant, as LFOW's claims against third parties are
> distinct from its claims in this action. Additionally, there are confidentiality
> agreements and protective orders in place in other actions that restrict access
> to discovery materials in other cases.

(Response to Request No. 12).

### a)      LFOW's objection is an improper attempt to restrict the use of discovery from one case in another in violation of the Federal Rules.

FSRG incorporates, by reference its arguments concerning Request 7 above.

### b)      LFOW's objection is an improper attempt to seek a protective order without a sufficient basis.

FSRG incorporates, by reference its arguments concerning Request 7 above.

**c)**   **LFOW's depositions in other actions are relevant to its damages claims and LFOW should produce all transcripts.**

FSRG incorporates, by reference its arguments concerning Requests 7 and 9 above.  For the same reason that LFOW should produce settlement agreements in other cases, it should also produce testimony in other cases because this testimony will reveal LFOW's damages claims in those cases which is relevant to its damages claim in this case.

**d)**   **Application of the "one-satisfaction rule" to LFOW's claims requires production of deposition testimony in other cases.**

FSRG incorporates, by reference its arguments concerning Request 10 above.  For the same reason that LFOW should produce settlement agreements in other cases, it should also produce testimony in other cases because this testimony will reveal LFOW's damages claims in those and other cases which will be relevant to the application of the "one-satisfaction rule."

**7.**   **Request No. 13 seeking discovery produced in other cases filed by LFOW.**

Request No. 13 asks for "*All documents and ESI produced by LFOW in the other lawsuits filed by LFOW for copyright infringement to date*" and sets forth a list of other lawsuits.  LFOW responded as follows:

> Response: LFOW objects to this request as overly broad, unduly burdensome, and irrelevant, as each of these actions involved parties unrelated to Defendant. Additionally, there are confidentiality agreements and protective orders in place in other actions that restrict access to discovery materials in other cases.

(Response to Request No. 13).

**a)**   **LFOW's objection is an improper attempt to restrict the use of discovery from one case in another in violation of the Federal Rules.**

FSRG incorporates, by reference its arguments concerning Request 7 above.

**b)**   **LFOW's objection is an improper attempt to seek a protective order without a sufficient basis.**

FSRG incorporates, by reference its arguments concerning Request 7 above.

**c)**   **LFOW's discovery produced in other actions are relevant to its damages claims.**

15

FSRG incorporates, by reference its arguments concerning Requests 7 and 9 above.  For the same reason that LFOW should produce settlement agreements in other cases, it should also produce discovery in other cases because this discovery will reveal LFOW's damages claims in those cases which is relevant to its damages claim in this case.

### d)      Application of the "one-satisfaction rule" to LFOW's claims requires production of discovery in other cases.

FSRG incorporates, by reference its arguments concerning Request 10 above.  For the same reason that LFOW should produce settlement agreements in other cases, it should also produce discovery in other cases because this testimony will reveal LFOW's damages claims in those and other cases which will be relevant to the application of the "one-satisfaction rule."

### 8.      Request No. 14 seeking expert reports produced in other cases filed by LFOW.

Request No. 14 asks for "*All expert reports served by any party in the other lawsuits filed by LFOW for copyright infringement to date*" and sets forth a list of other lawsuits.  LFOW responded as follows:

> Response: LFOW objects to this request as overly broad, unduly burdensome, and irrelevant, as each of these actions involved parties unrelated to Defendant. Additionally, there are confidentiality agreements and protective orders in place in other actions that restrict access to discovery materials in other cases.

(Response to Request No. 14).

At the meet and confer on September 24th, counsel for LFOW advised that there are currently no such expert reports.  However, counsel also took the position that even if there are reports produced in the future, LFOW will not supplement this response by producing them.

### a)      LFOW's objection is an improper attempt to restrict the use of discovery from one case in another in violation of the Federal Rules.

FSRG incorporates, by reference its arguments concerning Request 7 above.

### b)      LFOW's objection is an improper attempt to seek a protective order without a sufficient basis.

FSRG incorporates, by reference its arguments concerning Request 7 above.

**c)** **LFOW's expert reports produced in other actions are relevant to its damages claims.**

FSRG incorporates, by reference its arguments concerning Requests 7 and 9 above. For the same reason that LFOW should produce settlement agreements in other cases, it should also produce expert reports in other cases because prior damages expert reports will reveal LFOW's damages claims in those cases which is relevant to its damages claim in this case.

**d)** **Application of the "one-satisfaction rule" to LFOW's claims requires production of damages expert reports in other cases.**

FSRG incorporates, by reference its arguments concerning Request 10 above. For the same reason that LFOW should produce settlement agreements in other cases, it should also produce discovery in other cases because this testimony will reveal LFOW's damages claims in those and other cases which will be relevant to the application of the "one-satisfaction rule."

**e)** **Expert reports on the validity of LFOW's copyright in other cases is relevant to its validity contentions in this case.**

To prevail on its claims of copyright infringement, LFOW must prove: (1) ownership of a valid copyright, and (2) unauthorized copying. *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991). To satisfy the "ownership" prong, LFOW "must prove that the work as a whole is original and that the plaintiff complied with applicable statutory formalities." *See Mitek Holdings, Inc.v. Arce Eng'g Co*., 89 F.3d 1548, 1554 (11th Cir. 1996).

LFOW has produced a certificate of registration for the LFOW Software. The Complaint claims the work at issue is LFOW Software version 7.0.0, registration no. TXu001610441 registered on December 20, 2007, prior to first publication of the work. LFOW has attached the deposit material for TXu001610441 as an exhibit to its Complaint. A certificate of registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. 17 U.S.C. § 410

(c).  It appears that LFOW intends to rely upon its certificate of registration as prima facie evidence of copyright and the facts stated in the certificate.[5]  Therefore, the burden in this case to demonstrate why LFOW's claim of copyright is invalid will be on the defendant, FSRG.  *Hamil America Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999)(Defendants bear the burden of rebutting the presumption of validity).

FSRG's rebuttal of the presumption of validity raises questions of fact.  These questions of fact will require FSRG to separate out the nonprotectable material in LFOW's Software "to determine whether their particular inclusion at that level was 'idea' or was dictated by considerations of efficiency, so as to be necessarily incidental to that idea; required by factors external to the program itself; or taken from the public domain and hence is nonprotectable expression." *Computer Assocs. Int'l v. Altai, Inc*., 982 F.2d 693, 707 (2d Cir. 1992).  FSRG will also need to determine whether it can rely upon defenses based upon merger, *scenes a faire*, or assert other originality challenges to LFOW's infringement case. *See Gates Rubber Co. v. Bando Chem. Indus.*, 9 F.3d 823, 834 (10th Cir. 1993)("filtration should eliminate from comparison the unprotectable elements of ideas, processes, facts, public domain information, merger material, *scenes a faire* material, and other unprotectable elements suggested by the particular facts of the program under examination.").

The same burden to rebut the presumption of validity will have been applied to all defendants in prior cases brought by LFOW.  FSRG should be permitted to see how prior defendants attempted to rebut LFOW's presumption.  Production of prior expert reports will aid the fact finding process necessary to determine the validity of LFOW's software. Furthermore, a

---

[5] LFOW's registration of Version 7.0.0 of its software, which presumably is called Version 7.0.0 because it is the seventh version, raises another common question: to what extent might earlier versions of the LFOW Software contain the same code as Version 7.0.0, and were those earlier versions published more than five years before Version 7.0.0, thus causing LFOW's certificate to lose the presumption provided by 17 U.S.C. § 410 (c)?

prior determination that the copyright to LFOW's Software is invalid may very well collaterally estop LFOW in this case.

**9.      Request No. 15 seeking the terms of settlements in other cases filed by LFOW.**

Request No. 15 asks for "*Documents and ESI sufficient to show the terms of the settlements entered into by LFOW in the other lawsuits filed by LFOW for copyright infringement*" and sets forth a list of other lawsuits.  LFOW responded as follows:

> Response: LFOW objects to this request as overly broad, unduly
> burdensome, and irrelevant, as each of these actions involved parties
> unrelated to Defendant. Additionally, there are confidentiality agreements and
> protective orders in place in other actions that restrict access to discovery
> materials in other cases. LFOW objects to this request as seeking confidential,
> proprietary and trade secret documents as it pertains to LFOW's financial
> information. LFOW has proposed a protective order and will not produce
> documents until a protective order is in place. LFOW further objects to this
> request as irrelevant, as the resolution of other disputes are unrelated to
> LFOW's claims against Defendant in this action.

(Response to Request No. 15).

**a)      LFOW's objection is an improper attempt to restrict the use of discovery from one case in another in violation of the Federal Rules.**

FSRG incorporates, by reference its arguments concerning Request 7 above.

**b)      LFOW's objection is an improper attempt to seek a protective order without a sufficient basis.**

FSRG incorporates, by reference its arguments concerning Request 7 above.

**c)      LFOW's settlements in other actions are relevant to its damages claims.**

FSRG incorporates, by reference its arguments concerning Requests 7 and 9 above.

**d)      Application of the "one-satisfaction rule" to LFOW's claims requires production of settlements in other cases.**

FSRG incorporates, by reference its arguments concerning Request 10 above.

**10.      Request No. 23 seeking the source code for other versions of LFOW's Software.**

Request No. 23 asks for "*Documents and ESI showing the customer name, address, telephone number and email address for the websites listed at http://www.livefaceonweb.com/samples.aspx.*"  LFOW responded as follows:

Response: LFOW objects to this request as overly broad, unduly burdensome, and irrelevant, as none of these third parties relate to this action. LFOW objects to this request as seeking confidential, proprietary and trade secret documents as it pertains to LFOW's customers, as well as potential state laws in a multitude of states that may protect the information for each of these companies. To analyze the state privacy laws for each state in which the customers identified herein are located if overly broad and unduly burdensome. LFOW objects to this request as overly broad, unduly burdensome and irrelevant because LFOW's claims are not based on or related to any of these third parties. LFOW further objects to the request for "ESI" related to LFOW's services as overly broad and irrelevant where LFOW has documents previously prepared that provide sufficient detail. LFOW further objects to this request as overly broad, unduly burdensome and irrelevant to the extent it seeks licenses unrelated to the asserted LFOW Software.

(Response to Request No. 23).

### a)     **LFOW's customer information is relevant to its damages claims.**

FSRG incorporates, by reference its arguments concerning Requests 7 and 9 above.

FSRG has requested documents showing LFOW's customers so that FSRG can contact them to

determine whether they are bona fide customers and the terms of their license agreements with

LFOW which is relevant to its damages claims.

### b)     **LFOW's licensing agreements with its customers are relevant to its damages claims and LFOW should produce its customers' contact information so that FSRG can obtain the terms of these licenses from LFOW's customers.**

FSRG incorporates, by reference its arguments concerning Request 7 above.

### IV.     CONCLUSION

Wherefore, FSRG's motion to compel should be granted and LFOW should be compelled

to produce the documents requested in Defendant's Request for Production.

DATED: September 29, 2015                    Respectfully submitted,

                                                    ___/s/ Joel B. Rothman, Esq._____
                                                    JOEL B. ROTHMAN, ESQ.
                                                    Florida Bar Number:  98220
                                                    joel.rothman@sriplaw.com

                                                    **SCHNEIDER ROTHMAN INTELLECTUAL
                                                    PROPERTY LAW GROUP, PLLC**

4651 North Federal Highway
Boca Raton, FL  33431
561.404.4350 – Telephone
561.404.4353 – Facsimile
*Attorneys for Plaintiff*
*Florida State Realty Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

      This is to certify that on September 29, 2015, the foregoing was electronically filed with

the Clerk of the Court by using the CM/ECF system, which will serve electronically a copy of

the foregoing on all counsel or parties of record on the service list below.


                                      /Joel B. Rothman/_____
                                      Joel B. Rothman
                                      Florida Bar No. 98220


## SERVICE LIST

Ryan T. Santurri
Florida Bar No. 015698
rsanturri@addmg.com
ALLEN, DYER, DOPPELT,
MILBRATH & GILCHRIST, P.A.
255 South Orange Avenue, #1401
Orlando, FL 32801
Tel: (407) 841-2330
Fax: (407) 841-2343
*Counsel for Plaintiff*

Stephen J. Simmons
Florida Bar No. 664375
ssimmons@mbhlawyer.com
ejohnson@mbhlawyer.com
MOMBACH, BOYLE, HARDIN
& SIMMONS, P.A.
500 East Broward Blvd., Suite 1950
Fort Lauderdale, FL 33394-30004
Tel: (954) 467-2200
Fax: (954) 467-2210
*Counsel for Defendant*